# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**MARSHALL TAYLOR,**

      **Petitioner,**

v.

**WARDEN R. THOMPSON,**

      **Respondent.**

**Case No. 24–cv–08949–ESK**

**OPINION**

---

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on petitioner Marshall Taylor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)  Respondent Warden Thompson opposes the Petition and argues that it is moot.  (ECF No. 4.)  For the following reasons, I will dismiss the Petition as moot.

    Petitioner submitted the Petition on September 4, 2024.  (ECF No. 1.) He argued that the Bureau of Prisons (Bureau) violated the Second Chance Act (Act) when it failed to place him into a residential reentry center for the appropriate amount of time.  (*Id.* p. 6.)  He requested that the Court order the Bureau to immediately release him into a residential reentry center or halfway house.  (*Id.* p. 7.)  On September 10, 2024, I ordered respondent to file an answer to the Petition.  (ECF No. 2.)

    Respondent filed an answer on October 23, 2024 asking the Court to dismiss the Petition as moot.  (ECF No. 4.)  It stated that the Bureau had transferred petitioner into prerelease custody on October 22, 2024.  (*Id.* p. 1.) Respondent asks the Court to dismiss the Petition as moot as petitioner has received the relief that he requested.  (*Id.*)  Petitioner did not submit any response to respondent's answer.  According to the Bureau's Inmate Locator,

petitioner is currently in the Pittsburgh RRM with an anticipated release date of January 18, 2025. Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Nov. 20, 2024); (*see also* ECF No. 4–2 p. 1.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)).

Petitioner has received the relief he requested from the Court: release into a residential reentry center. I cannot grant him further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time. *United States v. Johnson*, 529 U.S. 53 (2000); *accord DeFoy v. McCullough*, 393 F.3d 439, 442 n. 3 (3d Cir. 2005) ("[T]he length of a term of supervised release

cannot be reduced 'by reason of excess time served in prison.'" (quoting *Johnson*)).    Accordingly, the § 2241 petition is moot and will be dismissed.

An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_____
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  November 20, 2024